BOWLES, Adm'r, Office of Price Adminis-
tration, v. SLAUGHTER.

Civil Action No. 593.

District Court, D. Delaware.
June 5, 1945.

Howard L. Fussell, of Wilmington, Del.,
for plaintiff.

Harry K. Hoch, of Wilmington, Del., for
defendant.

LEAHY, District Judge.

The findings are

1. Defendant, as landlord, took valid
steps in applying for a certificate relating
to eviction; and Defense Rental Area for
Delaware issued to him on March 12, 1945,
a certificate which authorized institution
of an action to evict tenant Pearl Foraker
from the property located at 32 Lake Street,
Middletown, Delaware. Rental Area found
as a fact the proposed eviction of tenant
was not inconsistent with the provisions
of the Emergency Price Control Act of
1942, 50 U.S.C.A.Appendix §§ 901–946, or
the Rent Regulations issued thereunder.
The certificate issued contained no condi-
tions relating to the proposed eviction other
than the statement that the certificate was
not to be understood as an eviction notice
to the tenant and that defendant's right to
eviction depended upon local law. Defend-
ant by registered letter thereupon sent no-
tice to tenant on March 17, 1945, demand-
ing she deliver up on May 1, next, the
peaceable possession of the dwelling in
question. The return receipt bearing ten-
ant's signature shows she received this no-
tice. On May 4, 1945, defendant instituted
action before a Delaware Justice of the
Peace in accordance with local law. The
tenant was served personally and the trial
occurred on May 17, 1945. The Justice
of the Peace entered judgment for pos-
session against tenant and in favor of de-
fendant. Then, tenant stated if no writ of
possession would immediately issue she
would vacate the premises on May 24, 1945.
On the basis of such representation, de-
fendant refrained from requesting the is-
suance of an immediate writ of possession
and agreed to a stay of execution until
May 24, 1945.

2. Four days after judgment rendered by the Justice of the Peace in defendant's favor, he was notified on May 21, 1945, that the certificate of eviction theretofore granted to him on March 12, 1945, by the Rental Area was revoked. At the hearing here on the motion for preliminary injunction, plaintiff justified, in part, the Rental Area's revocation by argument that the action for eviction was commenced by defendant without giving to the Area Rent Office "written notice thereof required by Section 6(d) (2) of said Regulation," viz., defendant should have notified OPA that he intended to sue for possession in accordance with OPA's authorization that he had been given administrative permission to institute such a suit.

█ 3. The affidavit of Buckingham, J. P., avers that on May 10, 1945, a week before the trial on the action of eviction, he received a telephone call from a person representing herself to be Helen J. Jackson of the Area Rent Office and that during the course of such telephone conversation the Jackson lady was advised of the action brought by defendant against tenant Pearl Foraker. No evidence was offered to contradict this averment. There does appear, however, an affidavit of Helen J. Jackson which recites that she personally examined the files of the Delaware Defense Rental Area Office and was unable to find any written notice served upon that office and informing it of the institution of defendant's action before the Justice of the Peace. Upon this state of the record the court is compelled to find that the Area Rent Office did have notice of the pending eviction action by reason of the telephonic conversation of the Justice of the Peace, Buckingham vis-a-vis Jackson.

█ *Memorandum.* But, aside from the findings, defendant was not required to give notice of the institution of that action for eviction under the Regulations, especially where he had specifically been given a certificate authorizing institution of such action for eviction. If this construction of the Regulations is in error and a person who applies for and receives a certificate authorizing him to proceed to institute an action for eviction is also required to notify OPA when, in fact, he commences such action, then it seems to the court that failure to comply with that portion of the Regulations which requires notice to OPA that an action for eviction has, in fact, been instituted should not result in a forfeiture of the original certificate for eviction, where there has been an original finding by the administrative body that the applicant was entitled to such certificate in the first instance. Moreover, at the hearing on the motion for preliminary injunction inquiries were put time and time again by the court as to what formed the basis of the decision for the revocation of the original certificate other than the alleged violation of Sec. 6(d) (2). These inquiries were never answered. Plaintiff put no writing, memorandum, opinion, or findings of fact showing the nature of the revocation, the reasons which prompted it (other than the single one noted), who was the person that made the decision on revocation, what was his authority to take such action, whether such administrative person or group had additional facts, etc. The best that the court could get from OPA was that some person attached to the Regional Office in New York City on May 21, 1945, had reversed the "Local Authority" on what it had done in issuing the original certificate on March 12, 1945. Apparently, it was determined that the landlord's desires in the premises were without legal justification and he should not be permitted possession of his own property, which under local law it has been decided he is entitled to get. Thus we have the situation where a citizen makes a valid attempt to comply with OPA regulations, receives authorization from that body to sue to evict a tenant, sues and obtains a judgment of possession; and after such judgment he is simply informed that the original certificate of authorization has been revoked—all this, in the absence of any allegation or proof that the landlord procured the original certificate of authorization to sue to evict by fraud, misrepresentation or other illegal means. The action of the New York OPA in the case at bar, insofar as has been disclosed, was, at bottom, arbitrary. There has been no articulation on why some administrative expert located in New York City has seen fit to suggest the revocation of the certificate of eviction granted by the local OPA authorities. This kind of administrative process falls into the pattern of the pixies. Upon the state of the record before this court, the conclusion is that the preliminary injunction presently sought by the OPA should not issue.

Accordingly, the court concludes:

1. The restraining order heretofore granted by the court on ex parte applica-

tion of plaintiff should be dissolved under Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

2. The application of plaintiff for a preliminary injunction should be denied.

An order so providing has been filed.